United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CLARK DUCART, et al.,<br><br>Defendants. | Case No. 16-cv-01487-JST (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR DISCOVERY**<br><br>Re: Dkt. No. 2 |

Plaintiff, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 alleging constitutional violations at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following:

In late 2008 or early 2009, plaintiff had a petition for rehearing pending in the Ninth Circuit Court of Appeals. After the petition was denied, he attempted to file a petition for writ of certiorari in the United States Supreme Court. Because he sought pauper status, he requested an account statement from the PBSP trust account office. Within days, the office notified him that the account statement had been delivered to the PBSP Security Housing Unit ("SHU") law library and would be provided to him when he was ready to send his legal mail. It was standard PBSP protocol for account statements and other legal mail to be mailed out by the PBSP SHU law library as inmates were not permitted to mail out their own legal mail. Upon being notified that his account statement was ready in the library, plaintiff handed the SHU law library officer his petition for writ of certiorari. The officer sealed the petition in an envelope and said he would mail it. The petition was never mailed, and plaintiff missed his filing deadline. The United States Supreme Court informed plaintiff that they had no record of his case.

In a separate case the plaintiff had pending before the Ninth Circuit Court of Appeals, plaintiff was denied a certificate of appealability. Plaintiff again attempted to file a petition for writ of certiorari in the United States Supreme Court. Once again, plaintiff waited for confirmation from the PBSP trust account office that his account statement had been delivered to the SHU law library. He then delivered his petition for writ of certiorari. This time, plaintiff followed up with several requests for interviews informing the library that he had a filing deadlines. Initially, plaintiff was informed that the law library had no writs or any other legal documents in his name. Later, two days after his filing deadline had passed, a library officer came to plaintiff with the petition for writ of certiorari. The petition was then mailed. However, the Supreme Court sent it back, informing plaintiff that it would not be filed because he had missed the filing deadline.

On another occasion, plaintiff sent the law library legal documents to be photocopied for his filing of a state court petition for writ of habeas corpus. He again followed up with a request for interview notifying the library of his filing deadline. The law library held the documents for over two weeks, causing plaintiff to miss his filing deadline and forego the petition.

Finally, plaintiff asserts that on three separate occasions the PBSP SHU mailroom opened his confidential legal mail and then held it for thirty days before delivering it to plaintiff. The mail was sent from this court. Plaintiff states that the mailroom supervisor for each of these incidents was defendant P. Carrier.

**DISCUSSION**

**I.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Access to Courts

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55.

Once a prisoner identifies the inadequacy in the program (e.g., law library or legal assistant), he must demonstrate that the alleged shortcomings in the program caused him an actual injury by hindering his efforts to pursue a legal claim. See Lewis, 518 U.S. at 351. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance

1    facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm"
2    that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the
3    library that he was unable even to file a complaint. See id.; see, e.g., Hebbe v. Pliler, 627 F.3d
4    338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on
5    lockdown resulted in "actual injury" because he was prevented from appealing his conviction).

6    With respect to a claim regarding active interference by prison officials, a prisoner alleges
7    an actual injury if, as a result of the defendants' alleged actions, his pending suit was dismissed.
8    See Silva v. Di Vittorio, 658 F.3d 1090, 1103-04 (9th Cir. 2011). Actual injury is a jurisdictional
9    requirement that flows from the standing doctrine and may not be waived. Nevada Dep't of
10   Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 349). It is
11   "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a
12   filing deadline or to present a claim." Lewis, 518 U.S. at 348.

13   As to defendant P. Carrier, the complaint, in its current form, is insufficient to state a claim
14   for lack of access to the courts because plaintiff does not allege actual injury from the handling of
15   his legal mail, such as the inability to meet a filing deadline or to present a non-frivolous claim.
16   Lewis, 518 U.S. at 348-49, 352-53 & n. 3; Greene, 648 F.3d at 1018; Silva, 658 F.3d at 1102-03.

17   The remaining allegations, construed liberally, are sufficient to state a claim for denial of
18   access to the courts. As to this claim, however, the complaint provides insufficient facts linking
19   defendants to plaintiff's allegations of wrongdoing. Aside from P. Carrier, plaintiff names as
20   defendants the PBSP warden from 2009 to 2015, library supervisor Ms. Nelson, and senior
21   librarian Ms. McCumsey. Plaintiff fails to state what these individuals specifically did or failed to
22   do that led to the interference with his court filings.

23   Leave to amend will be granted so that plaintiff may attempt to allege more specifically
24   how defendants violated plaintiff's right to access the courts, if he can do so in good faith. In his
25   amended complaint, plaintiff must "set forth specific facts" regarding what each defendant did, or
26   did not do, that violated his federal constitutional rights. Leer v. Murphy, 844 F.2d 628, 634 (9th
27   Cir. 1988). Sweeping conclusory allegations will not suffice. Plaintiff should also identify the
28   approximate date of each incident. Plaintiff is advised that a supervisor is not liable merely

because the supervisor is responsible, in general terms, for the actions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).

Plaintiff admits that he does not know the identity of the law library supervisor(s) from 1994 to 2013. If plaintiff files an amended complaint and wishes to include such supervisor(s), plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each such defendant and provide that information to the Court in his amended complaint. The burden remains on the plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants. Plaintiff is advised that the use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: the person identified as a Doe cannot be served with process until he or she is identified by his or her real name.

### B. Legal Mail

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987). The opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996). However, the inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow v. Paff, 52 F.3d 264, 265-66 (9th Cir. 1995) (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991)

(upholding inspection of incoming mail).

Mail from the courts, as contrasted with mail from a prisoner's lawyer, is not "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). Thus, prison officials may open and inspect mail to a prisoner from courts outside that prisoner's presence. See id. Accordingly, even construing the allegations here liberally and assuming that P. Carrier purposefully opened plaintiff's mail from the courthouse outside of plaintiff's presence, there was no violation of plaintiff's First Amendment rights. See West v. Atkins, 487 U.S. at 48.

### III. Motion for Discovery

Plaintiff has also filed a motion for discovery, in which he seeks documents that he purports will help him to identify the names of prior supervisors and officers of the PBSP SHU law library. At this point, no defendant has been ordered served. The Court therefore lacks personal jurisdiction over anyone who could be ordered to provide the information that plaintiff requests. Accordingly, the motion for discovery is DENIED. Denial is without prejudice to re-filing if and when one or more defendants are served.

Plaintiff is free to attempt to obtain his information by using a subpoena duces tecum, also sometimes known as a records subpoena. Federal Rule of Civil Procedure 45 sets out the rules for issuing, serving, protesting, and responding to a subpoena duces tecum. Rule 45(d)(2)(A) allows a subpoenaing party to command production of documents and other things, without requiring the subpoenaed person or entity to personally appear at the place of production. The Clerk will send to plaintiff two blank subpoena forms for him to fill out completely and return to the Court to be issued by the Clerk so that he may serve them.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is dismissed with leave to amend. If plaintiff believes he can cure the above-mentioned deficiencies in good faith, plaintiff must file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (16-cv-1487-JST (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate

1  material from the prior complaint by reference.  **Failure to file an amended complaint by the**
2  **deadline will result in the dismissal of the action.**  The Clerk of the Court is directed to send
3  plaintiff a blank civil rights form along with his copy of this order.

4      2.    Plaintiff is advised that an amended complaint supersedes the original complaint.
5  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in
6  the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
7  Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet,
8  963 F.2d 1258, 1262 (9th Cir. 1992).

9      3.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
10  informed of any change of address by filing a separate paper with the Clerk headed "Notice of
11  Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do
12  so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
13  Civil Procedure 41(b).

14      4.    Plaintiff's motion for discovery is DENIED without prejudice.  The Clerk shall
15  send two blank subpoena forms to plaintiff.

16  This order terminates Docket No. 2.
17  IT IS SO ORDERED.
18  Dated: July 25, 2016

                                                          JON S. TIGAR
                                                     United States District Judge