UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. McCUMSEY,<br><br>　　　　Defendant. | Case No. 16-cv-01487-JST (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 alleging constitutional violations at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

1   statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon
2   which it rests.'" <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
3   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
4   obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
5   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
6   Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell
7   Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
8   must proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 1974.
9   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
10  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
11  the alleged violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v.
12  Atkins</u>, 487 U.S. 42, 48 (1988).

B.   <u>Legal Claims</u>

Plaintiff claims that on several occasions, he delivered legal documents to defendant E. McCumsey for photocopying.  Ms. McCumsey is the senior law librarian for PBSP's Security Housing Unit.  Plaintiff informed Ms. McCumsey of his deadlines for filing the documents in court.  However, Ms. McCumsey either lost plaintiff's legal documents or failed to return them to plaintiff before his filing deadlines, causing him to lose or forego litigation that he was pursuing.  Liberally construed, the allegations are sufficient to state a claim for denial of access to the courts as against E. McCumsey.

Plaintiff also asserts supervisory liability claims against former PBSP warden C.D. Lewis and current PBSP warden C.E. Ducart.  Because there is no vicarious liability under section 1983 and plaintiff does not include allegations showing that wardens Lewis and Ducart were personally involved in the constitutional deprivation or that there is a causal connection between their conduct and the constitutional violation, the claims against wardens Lewis and Ducart are dismissed.  Dismissal is without leave to amend because plaintiff has been given an opportunity to amend this claim and it appears that further amendment would be futile.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's amended complaint states a cognizable claim for denial of access to the courts as against E. McCumsey. The Clerk shall terminate all other defendants.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and a copy of this order upon **E. McCumsey** at **Pelican Bay State Prison**. The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No

---

[1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

1  hearing will be held on the motion.

2      4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

    5.    All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponents. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendant.

    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    7.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely

1 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
2 to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every
3 pending case every time he is moved to a new facility.

4     8.    Any motion for an extension of time must be filed no later than the deadline sought
5 to be extended and must be accompanied by a showing of good cause.

6     9.    Plaintiff is cautioned that he must include the case name and case number for this
7 case on any document he submits to the Court for consideration in this case.

8 IT IS SO ORDERED.

9 Dated: December 28, 2016

_____
JON S. TIGAR
United States District Judge